STRANG *et al. vs.* THE PEOPLE.

———————

STRANG *et al. vs.* THE PEOPLE.

Error to Hillsdale Circuit.

*Opinion by* COOLEY, J.—Defendant and George H. Williamson were jointly informed against for the rape of Louisa Towers.— From the testimony it seems that the girl had resided in the family of defendant. She testified to this fact on the trial, and also to the fact that he was her uncle by marriage. The admission of this evidence was among the errors charged, which were exceedingly numerous, but the Court held that it was properly received.

She stated that Williamson came to her mother's house June 5, 1870, and got her to accompany him in a buggy to meeting, as he said. About half a mile from the house they met defendant, who took Williamson's place in the buggy, against the girl's remonstrances, and drove it to a piece of woods. There he made her get out, and by threats succeeded in violating her person. It was held that what he said to her immediately after the outrage was material testimony, and it divulged that he compelled her to submit to the embraces of Williamson also, who soon came up.

Defendant, in threatening witness, told her that, if she did not submit he would take her where she would not get back home again. The witness also testified that she was afraid of the defendant, be-

cause it ran in the family to kill folks, and she had seen him abuse his wife    *Held,* That this evidence was properly received.    The girl it appears was only 16 years of age.

A witness for the defence testified that at a previous time to that of the alleged rape, he had had sexual intercourse with the girl, but after testifying to that fact he was not allowed to go into other particulars tending to throw suspicion on her chastity.    *Held,* That this was correct, the material fact having been proved.

The charges of the Court were held correct, and the indictment, charging defendant and Williamson jointly with the commission of rape, was considered good, as both the parties were principals.

Conviction affirmed.